IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TROY HARDEN,

          Plaintiff

VS.

          NO. 5: 06-CV-266 (DF)

FREDERICK BRIGHT, *et al.*,

          PROCEEDINGS UNDER 42 U.S.C. §1983
          BEFORE THE U. S. MAGISTRATE JUDGE

          Defendants

# RECOMMENDATION

After reviewing plaintiff TROY HARDEN's complaint and motion to proceed *in forma pauperis* (Tabs #1 & 2) in the above-styled case, the undersigned directed the parties to brief the issue of whether the case was properly brought pursuant to 42 U.S.C. §1983 or should have been brought as a habeas corpus petition pursuant to 28 U.S.C. §2254. Tab #17. Having received responses from the defendants (Tabs #20 and #21) and plaintiff Harden (Tabs #24 and 25), it is apparent to the undersigned that this suit does not state a cause for relief pursuant to §1983 and would more appropriately be brought as a habeas corpus petition.

Plaintiff Harden's complaint alleges that he has been given an incorrect grid by the State Board of Pardons and Paroles which will result in his having to serve a longer sentence of imprisonment than provided by law. This, he says, is the result of conduct by the defendants which violated the plaintiff's constitutional and statutory rights. Harden seeks relief for the alleged improper actions of the defendants, including "credit for time spent in Hancock County Jail;" a new TPM (tentative parole month); a reversal of probation revocation; and the vacation of his sentence for alleged state statutory violations. Complaint, Tabs #2 at 6 and #1 at 10.

*Preiser v. Rodriguez*, 411 U.S. 475 (1973), considered the potential overlap between [42 U.S.C. §1983 and 28 U.S.C. §2254], and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983. **Heck v. Humphrey**, 512 U.S. 477, 480 (1994).

Since the relief sought by plaintiff Harden contemplates a challenge to the circumstances surrounding his incarceration and the <u>duration</u> of his incarceration, this case has been brought improperly. Even if plaintiff wished to get monetary damages for the alleged failures by the defendants, he would be precluded by the Supreme Court's holding in **Heck**, which holds that

> *When a state prisoner seeks damages in a Section 1983 suit, the District Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.* 512 U.S. at 487.

Plaintiff has not demonstrated that his state sentence has been invalidated. Nor has he indicated that the state courts have been given an opportunity to review his assertions as required by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), (citing Ex Parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). This exhaustion requirement has been codified in 28 U.S.C §§2254 (b) and (c). The requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408-409, 30 L.Ed.2d 418 (1971) (quoting Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." Picard v. Connor, supra, 404 U.S. at 275, 92 S.Ct. at 512.

Accordingly, IT IS RECOMMENDED that the plaintiff Harden's action be DISMISSED for failure to state an actionable claim pursuant to §1983. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.[1]

SO RECOMMENDED this 1st day of DECEMBER, 2006.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE

---

[1] This recommendation is intended to be dispositive of the MOTION TO DISMISS of defendants Bright and Donald (Tab #15) and of the request for dismissal included in defendant Primus' Response to court's order found at Tab #21.